TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:   Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>JONATHAN GARCIA,<br>  aka "(>^_^)>FreeHugs,"<br>    "thekingjongar," and<br>    "kingjongar,"<br><br>      Defendant. | No. ED CR 20-41-JGB<br><br>PLEA AGREEMENT FOR DEFENDANT JONATHAN GARCIA |

1.   This constitutes the plea agreement between JONATHAN GARCIA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count eight of the indictment in <u>United States v. JONATHAN GARCIA</u>, ED CR No. 20-41-JGB, which charges defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of a term of supervised release of no less than 20 years (with the government reserving the right to seek a higher term of supervised release up to the statutory maximum of life) with the following conditions of supervised release set forth in the "Appendix" to this Agreement.

i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment

2

schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i. Black Samsung Galaxy J7 Prime with serial number R58K418BL0L;

1            ii.   White Samsung Galaxy S6 with unknown serial

2 number;

3            iii. White Samsung Galaxy SIII with unknown serial

4 number;

5            iv.  White Samsung Galaxy SIII with unknown serial

6 number;

7            v.   White Samsung Galaxy SII with an unknown serial

8 number;

9            vi.  Black ZTE cell phone with serial number

10 320373712614;

11           vii. White Samsung Galaxy Tablet with build number

12 NMF26X.T350XXU1CQJ5;

13           viii.   White Samsung Galaxy Tablet with unknown

14 serial number;

15           ix.  A Sony memory Stick Pro Duo;

16           x.   A Kingston Data Traveler 4GB USB drive; and

17           xi. A Dane-Elec USB drive (collectively, the

18 "Forfeitable Assets").

19       b.   To the Court's entry of an order of forfeiture at or

20 before sentencing with respect to the Forfeitable Assets and to the

21 forfeiture of the assets.

22       c.   To take whatever steps are necessary to pass to the

23 United States clear title to the Forfeitable Assets, including,

24 without limitation, the execution of a consent decree of forfeiture

25 and the completing of any other legal documents required for the

26 transfer of title to the United States.

27       d.   Not to contest any administrative forfeiture

28 proceedings or civil judicial proceedings commenced against the

Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

4.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any

1   grounds including, without limitation, that the forfeiture

2   constitutes an excessive fine or punishment.  Defendant acknowledges

3   that forfeiture of the Forfeitable Assets is part of the sentence

4   that may be imposed in this case and waives any failure by the Court

5   to advise defendant of this, pursuant to Federal Rule of Criminal

6   Procedure 11(b)(1)(J), at the time the Court accepts defendant's

7   guilty plea.

                        THE USAO'S OBLIGATIONS

9        5.   The USAO agrees to:

10            a.   Not contest facts agreed to in this agreement.

11            b.   Abide by all agreements regarding sentencing contained

12   in this agreement.

13            c.   At the time of sentencing, move to dismiss the

14   remaining counts of the indictment as against defendant.  Defendant

15   agrees, however, that at the time of sentencing, the Court may

16   consider any dismissed charges in determining the applicable

17   Sentencing Guidelines range, the propriety and extent of any

18   departure from that range, and the sentence to be imposed.

19            d.   At the time of sentencing, provided that defendant

20   demonstrates an acceptance of responsibility for the offense up to

21   and including the time of sentencing, recommend a two-level reduction

22   in the applicable Sentencing Guidelines offense level, pursuant to

23   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

24   additional one-level reduction if available under that section.

25            e.   Except for criminal tax violations (including

26   conspiracy to commit such violations chargeable under 18 U.S.C.

27   § 371), not further criminally prosecute defendant for violations of

28   18 U.S.C. §§ 2251(a) (Production of Child Pornography),

2252A(a)(Transportation, Receipt, Distribution, and Possession of Child Pornography), and 2422(b)(Coercion and Enticement) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 16 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

<u>NATURE OF THE OFFENSE</u>

6.   Defendant understands that for defendant to be guilty of the crime charged in count eight, that is, Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), the following must be true: (1) at the time of the offense, the victim was under the age of eighteen years; (2) defendant employed, used, persuaded, or coerced the victim to take part in sexually explicit conduct for the purposes of producing a visual depiction of such conduct; and (3)(a) defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce, or (b) the visual depiction was produced using materials that had been mailed, shipped, or (c) transported across state lines or in foreign commerce, or the visual depiction was mailed or actually transported across states lines or in foreign commerce, or (d) the visual depiction affected interstate commerce.

1

PENALTIES AND RESTITUTION

2      7.   Defendant understands that the statutory maximum sentence

3  that the Court can impose for a violation of Title 18, United States

4  Code, Section 2251(a) is: 30 years' imprisment; a lifetime period

5  of supervised release; a fine of $250,000 or twice the gross gain or

6  gross loss resulting from the offense, whichever is greatest; and a

7  mandatory special assessment of $100.

8      8.   Defendant understands that the statutory mandatory minimum

9  sentence that the Court must impose for a violation of Title 18,

10  United States Code, Sections 2251(a), is: 15 years' imprisonment; a

11  five-year period of supervised release; and a mandatory special

12  assessment of $100.

13      9.   Defendant understands that, pursuant to the Justice for

14  Victims of Trafficking Act of 2015, the Court shall impose an

15  additional $5,000 special assessment if the Court concludes that

16  defendant is a non-indigent person, to be paid after defendant's

17  other financial obligations have been satisfied.

18      10.  Defendant understands that, pursuant to 18 U.S.C. § 2259A,

19  the Court may impose an additional special assessment of up to

20  $50,000.

21      11.  Defendant understands and agrees that pursuant to Title 18,

22  United States Code, Section 2259, defendant will be required to pay

23  full restitution to the victim(s) of the offense to which defendant

24  is pleading guilty.  Defendant agrees that, in return for the USAO's

25  compliance with its obligations under this agreement, the Court may

26  order restitution to persons other than the victim(s) of the offense

27  to which defendant is pleading guilty.  In particular, defendant

28  agrees that the Court may order restitution to any victim of any of

the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty and; (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

12.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

13.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic

rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

15. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

16.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On November 13, 2019, the mother of a nine-year-old minor female ("Victim 1") reported to the Ontario Police Department in San Bernardino County, Central District of California, that her daughter had been communicating with an individual online who had asked for, and received, sexually explicit photos and videos of Victim 1 over the internet.  The mother of Victim 1 gave consent to Ontario Police Department to search Victim 1's laptop, which contained the online conversations between Victim 1 and the unknown individual, later identified as defendant, dating back to September 2019.

Ontario Police Department reviewed the conversations between Victim 1 and defendant and found that defendant initiated the conversations over Likee, an online messaging platform, by asking for "naughty pics" and if Victim 1 wanted to try "sexual stuff."  Victim 1 told defendant that she was 9 years old and in response, defendant pretended that he was 15-years-old.  In fact, at the time, defendant was 26 years old.  On November 8, 2019, over the Likee app, defendant agreed to pay Victim 1 Robux, a currency for Roblox, in exchange for Victim 1 providing him with "naughty" pictures of Victim 1 and

directed her to send him photos of Victim 1 in specific poses, such as "you sitting with your legs open," "no shirt on and your whole body showing," and "you bending over showing your but."  Defendant then agreed to give Victim 1 Robux every week, in exchange for Victim 1 doing "extra naughty stuff" and asked Victim 1 to switch to Kik to continue communicating.

On November 12, 2019, defendant persuaded Victim 1 to take part in sexually explicit conduct for the purposes of producing a visual depiction of such conduct.  Specifically, on that date, over Kik, defendant offered to provide 400 Robux to Victim 1 for three "naughty" videos, and asked Victim 1 to put something in her "butt" and then in her "pussy" and to do it while bending over, facing the camera.  Defendant also asked Victim 1 to "sit down with your legs open and rub your pussy" and asked Victim 1 whether she had anything a little bigger or a "boy dog."

As a result of defendant's persuasion, Victim 1 created the following video files on or about November 12, 2019:  (1) a video file titled "0214c784-4806-4225-bf75-dc6233aaf009.mp4" depicting Victim 1 with pants pulled down to her thighs, inserting what appears to be a dark marker or a pen into her vagina; (2) a video file titled "5ff7349f-491f-4502-909a-32fc33677944.mp4" depicting Victim 1 squatting in front of the camera and rubbing her vagina with her hand; (3) a video file titled "af58070b-4b93-b9a7-a9001003934b.mp4" depicting Victim 1 inserting what appears to be a dark marker or pen into her vagina, amongst other video files depicting similar conduct by Victim 1.  Defendant knew or had reason to know that the visual depiction would be transported in interstate or foreign commerce, by a computer and internet, and affected interstate commerce.

Law enforcement eventually executed a search warrant on defendant's residence.  Defendant agreed to talk to law enforcement and admitted to communicating with a minor girl (Victim 1) online who appeared to be 9 or 10 years old.  He admitted Victim 1 accepted Robux from defendant in exchange for naked photos of Victim 1. Defendant also admitted to contacting other minor girls online for photos and videos since 2015 and estimated that he probably contacted between 50-100 girls.  Defendant admitted that law enforcement would locate child pornography on his current cellphone as well as on his past cellphones and tablets.

Law enforcement located additional folders on defendant's phone, some with female names and some with names of applications used to download child pornography.  In particular, law enforcement located a folder containing images and videos of a purportedly 11 year old female living in New York, a folder containing images and videos of a purportedly 13 or 14 year female old living in Chicago, a folder containing images and videos of a purportedly 11 year old minor female living in New York, and a folder that contained images and videos of a 12 year old female living in Fontana, California.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

18. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | [U.S.S.G. §2G2.1] |
| Under 12 year old | +4 | [U.S.S.G. §2G2.1(b)(1)] |
| Sexual Act | +2 | [U.S.S.G. §2G2.1(b)(2)(A)] |
| Misrepresentation/Use of Computer | +2 | [U.S.S.G. §2G2.1(b)(6)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

19. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21. Defendant understands that by pleading guilty, defendant gives up the following rights:

14

1          a.   The right to persist in a plea of not guilty.

2          b.   The right to a speedy and public trial by jury.

3          c.   The right to be represented by counsel -- and if

4    necessary have the Court appoint counsel -- at trial.  Defendant

5    understands, however, that, defendant retains the right to be

6    represented by counsel -- and if necessary have the Court appoint

7    counsel -- at every other stage of the proceeding.

8          d.   The right to be presumed innocent and to have the

9    burden of proof placed on the government to prove defendant guilty

10   beyond a reasonable doubt.

11         e.   The right to confront and cross-examine witnesses

12   against defendant.

13         f.   The right to testify and to present evidence in

14   opposition to the charges, including the right to compel the

15   attendance of witnesses to testify.

16         g.   The right not to be compelled to testify, and, if

17   defendant chose not to testify or present evidence, to have that

18   choice not be used against defendant.

19         h.   Any and all rights to pursue any affirmative defenses,

20   Fourth Amendment or Fifth Amendment claims, and other pretrial

21   motions that have been filed or could be filed.

22      22.  Understanding that the government has in its possession

23   digital devices and/or digital media seized from defendant, defendant

24   waives any right to the return of digital data contained on those

25   digital devices and/or digital media and agrees that if any of these

26   digital devices and/or digital media are returned to defendant, the

27   government may delete all digital data from those digital devices

28   and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.   Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 38 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release

agreed to by defendant in paragraph 2 above and in Appendix to this Agreement.

25.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 38 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

26.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

27.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

28. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

29. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

30. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

18

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

31.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

35. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____            3/18/2022
SONAH LEE                                   _____
Assistant United States Attorney            Date

_____            3-16-22
JONATHAN GARCIA                             _____
Defendant                                   Date

_____            3/16/22
ANGELA C.C. VIRAMONTES                      _____
Deputy Federal Public Defender              Date
Attorney for Defendant JONATHAN
GARCIA


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____3-16-22_____
JONATHAN GARCIA                              Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JONATHAN GARCIA's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set ///

forth in this agreement is sufficient to support my client's entry of

a guilty plea pursuant to this agreement.

_____                    3/16/22
Angela C.C. Viramontes                              _____
Deputy Federal Public Defender                      Date
Attorney for Defendant JONATHAN
GARCIA

APPENDIX

Sex Offender Supervised Release Conditions

Sex Offender Registration

Defendant shall register as a sex offender, and maintain the registration as a sex offender for the entire period of supervised release, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

Counseling

Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of

community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

Access to Materials

Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2).  The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

Contact with Others

Defendant shall not contact the victims, by any means, including in person, by mail or electronic means, or via third parties. Further, defendant shall remain at least 100 yards from the victims at all times. If any contact occurs, defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

///

<u>Employment</u>

Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

<u>Residence</u>

Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

<u>Search</u>

Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

///

<u>Computer</u>

Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.