STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:    Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 20-00041-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING POSITION; DECLARATION OF FBI SPECIAL AGENT LISA M. WALL |
| v. | |
| JONATHAN GARCIA, | Sentencing Date: August 8, 2022 |
| Defendant. | Sentencing Time: 2 PM |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, hereby files its Response to defendant Jonathan Garcia's ("defendant") Sentencing Position.

    The government's Response is based on the United States Probation Office's Presentence Report ("PSR"), the record

///

of the proceedings in this case, and any further evidence and argument that the Court may permit.

Dated: August 5, 2022

Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/ *Sonah Lee*
SONAH LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The guideline calculations and the sentencing enhancements as applied by the United States Probation Officer is correct here and defendant's objections to the sentencing enhancements should be overruled. Thus, the final offense level in correctly calculated at Level 47.[1]

**II. DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

The USPO calculated defendant's base offense level as 32, pursuant to U.S.S.G. § 2G2.1(a). (PSR ¶ 40.) The USPO found that these enhancements applied in this case:

| Levels | Enhancement | Guideline Section |
|---|---|---|
| +4 | Minor less than 12 years old | USSG §2G2.1(b)(1)(A) |
| +2 | Commission of a Sexual Act/Contact | USSG §2G2.1(b)(2)(A) |
| *+4* | *Sadistic conduct or other depictions of violence* | *USSG §2G2.1(b)(4)(A)* |
| +2 | Use of Computer[2] | USSG §2G2.1(b)(6)(B) |
| +1 | Psuedo-count | USSG §3D1.4 |
| *+5* | *Pattern of Activity* | *USSG §4B1.5(b)(1)* |

(PSR ¶¶ 42-72.)

Defendant, however, objects to two of these sentencing enhancements. Specifically, he objects to the +4 level enhancement for sadistic/masochistic and other depiction of violence. Defendant

---

[1] Pursuant to the Application Note 2 to Chapter 5, Part A, Sentencing Table, an offense level more than 43 is to be treated as an offense level of 43.

[2] This enhancement also applies because defendant misrepresented himself to Victim 1.

also objects to +5 level enhancement for Pattern of Activity. Defendant's objections to the presentence report should be overruled.

**III. SENTENCING ENHANCEMENTS ARE CORRECTLY APPLIED**

    **A.    Depiction of Victim 1 Was Sadistic**

Over Kik, a mobile messaging application, defendant asked Victim 1 to send him videos of Victim 1 putting something in in her "butt" and then in her "pussy" and then to "try sticking in deeper." (PSR ¶ 20; Lisa Wall Declaration, ¶ 3.) Victim 1 then told defendant that it "hurts." (Id.) Defendant induced Victim 1 to engage in behavior that caused pain to herself, and the videos transmitted by Victim 1 to defendant clearly depicted such behavior that caused pain to Victim 1. The enhancement is appropriate if the depiction "subject[ing] a child to a sexual act that would have to be painful, and thus sadistic . . ." and does not turn on whether the penetration is by an object or a penis. See United States v. Rearden, 349 F.3d 608, 616 (9th Cir. 2003).

Defendant's argument that applying this sentence enhancement is excessively punitive and is double counting is misplaced. "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Nagra, 147 F.3d 875, 883 (9th Cir.1998) (internal quotation marks omitted). However, "[d]ouble counting is not always impermissible; it is sometimes authorized and intended by the Sentencing Guidelines when each invocation of the behavior serves a unique purpose under the Guidelines." United States v. Syrax, 235 F.3d 422, 428 (9th Cir.2000) (internal quotation marks omitted). It is clear that the visual

depictions of Victim 1 capturing conduct that caused physical pain to herself has not been accounted for by the base offense level or by any other sentencing enhancements applied in this case. Thus, this sentencing enhancement has been correctly applied here and it is not impermissible double-counting nor excessively punitive to apply it here.

**B. The Enhancement for Repeat and Dangerous Sex Offender is Correctly Applied**

Defendant objects to the +5 level enhancement pursuant to U.S.S.G § 4B1.5 for Repeat and Dangerous Sex Offender Against Minor because he argues that he does not present a continuing danger to the public. This enhancement applies when a defendant's instant offense of conviction is a covered sex crime[3] (as it is here), neither U.S.S.G. § 4B1.1 (career offender) nor 4B1.5(a) applies (they do not), and the defendant engaged in a pattern of activity involving prohibited conduct. A pattern of activity is determined as "a pattern of activity involving prohibited sexual conduct if on *at least two separate occasions*, the defendant engaged in prohibited sexual conduct with a minor." Application Note 4(B) to the U.S.S.G. § 4B1.5 (emphasis added). Prohibited sexual conduct includes "production of child pornography," and an occasion of prohibited sexual conduct may be considered without regarding whether the

---

[3] A covered sex crime is defined as an offense against a minor under (i) chapter 109A of Title 18, United States Code; (ii) chapter 110, not including trafficking in, receipt of, or possession of child pornography, or a recordkeeping offense; (iii) chapter 117, not including transmitting information about a minor or filing a factual statement about an alien individual; (iv) 18 U.S.C. 1591; or (v) an attempt or conspiracy to commit any offense described here.

An offense of 18 U.S.C. § 2251 (Production of Child Pornography) is a covered sex crime under (ii) chapter 110 of Title 18, United States Code.

3

occasion occurred during the course of the instant offense or whether it resulted in a conviction.  Application Note 4 to the U.S.S.G. § 4B1.5.

Here, defendant solicited Victim 1 on two different occasions to produce sexually explicit images and videos of herself.  Defendant also solicited Victim 2 on several occasions to produce sexually explicit images and videos of herself.  Defendant admitted to having contacted and solicited sexually explicit images from between 50-100 minor girls in the past four years.  Defendant's conduct in soliciting and receiving sexually explicit images of minor females constitutes "production of child pornography" as statutorily defined under 18 U.S.C. § 2251 and more than fulfils this sentencing enhancement.

Defendant's argument that this enhancement should not apply because he should not be considered a continuing danger to the public should be rejected.  First, this sentencing enhancement correctly resulted from defendant's past and admitted conduct against minor victims, not his future rehabilitative potential.

Second, defendant committed his criminal conduct against Victim 1 and Victim 2 while he was on pretrial release for another criminal case involving a minor victim and unwanted contact.  Defendant himself admitted to having contacted numerous minor females in the past four years, a number he estimated was around 50-100, to solicit sexually explicit images of these minors.  Defendant has proven by his own past conduct that he is indeed a repeat and dangerous sex offender against minors, despite his current remorse.

4

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully submits that defendant's objections to the presentence report should be overruled.

DECLARATION OF L.M. WALL

I, Lisa M. Wall, declare as follows:

1. I am a Special Agent with the Federal Bureau of Investigation. I am currently assigned to the Violent Crimes Squad of the Los Angeles Field Office, where I primarily investigate crimes involving child exploitation and the receipt, possession, advertisement, transmission, and production of child pornography. I am a member of the Inland Regional Child Exploitation and Human Trafficking Task Force ("IRCETF") and of the Riverside County Internet Crimes Against Children/Sexual Assault Felony Enforcement Team, which investigates such cases.

2. I am the current case agent assigned to United States v. Jonathan Garcia, Case No. ED CR 20-00041-JGB. As part of my investigative duties, I have reviewed the online chats between Victim 1 and defendant that began on September 16, 2019, through November 12, 2019, over Likee and Kik.

3. Over Kik, on a conversation that took place on November 12, 2019, I observed the following conversation:

| Jonathan Garcia | I'll give you 400 for more naughty videos |
|---|---|
| Victim 1 | yeah |
| Victim 1 | how many |
| Jonathan Garcia | 3 |
| Victim 1 | my cousin too |
| Jonathan Garcia | Your cousin? |
| Victim 1 | shes a girl |
| Jonathan Garcia | Fine but she has to do them to |
| Jonathan Garcia | How old is she? |

| | |
|---|---|
| Victim 1 | but her user is a boy name cus i dared her to put it like that |
| Victim 1 | i will do the pic first |
| Victim 1 | we are wearing the same color shirts |
| Victim 1 | Videos |
| Victim 1 | shes gonna do first |
| Victim 1 | what kind |
| Victim 1 | 4 vids |
| Victim 1 | UGHHHHHHHHhhh |
| Jonathan Garcia | Like the one where you put the thing in your butt |
| Victim 1 | I will do 5 vids for 1,000 robux |
| Jonathan Garcia | How much is that |
| Victim 1 | [a video of Victim 1 inserting a pen or a marker in her anus] |
| Victim 1 | whats next |
| Victim 1 | i need to do four more vids |
| Jonathan Garcia | Do it in your pussy now |
| Victim 1 | [a video of Victim 1 inserting a pen or a marker in her vagina] |
| Victim 1 | 3 more vids |
| Jonathan Garcia | Stick it inside your pussy |
| Victim 1 | in the line |
| Jonathan Garcia | Yea |
| Victim 1 | [a video of Victim 1 inserting a pen or a marker in her vagina] |
| Victim 1 | like that |

| | | |
|---|---|---|
| 1 | Victim 1 | [a video of Victim 1 inserting a pen or a marker in her vagina] |
| 3 | Jonathan Garcia | Try sticking in deeper |
| 4 | Victim 1 | i tried |
| 5 | Jonathan Garcia | Yea like that |
| 6 | Victim 1 | It hurus |
| 7 | Victim 1 | hurts |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Riverside, California, on August 5, 2022.

_____
LISA M. WALL

3